Hagen's Estate.

*Powell & Ludlow,* for exceptants; *Townsend, Elliott & Munson,* contra.

GEST, J., Oct. 8, 1929.—We do not think it necessary to discuss the question of *res judicata* suggested in the argument, as we agree with the Auditing Judge in his construction of the will. Christian Hagen is clearly given a general power of testamentary appointment over his one-fourth of the estate in clause *(b)* of paragraph 2, but in clause *(c)* Arthur Hagen, Jr., is given no such power. There is a provision that this one-half of the estate so held in trust for Arthur should, after the payment of the legacies of $70,000 to each child he might leave, be held "as is above directed with reference to the one-fourth of my estate devised and bequeathed In Trust for my son Christian Ax Hagen." This, it is argued, is a "short-cut" employed by the testator to mean that Arthur was to have such a power of appointment over this one-half of the estate as was given to Christian over the one-fourth given in trust for him under clause *(b)*.

We do not agree with this construction of the will. The gift of a power of appointment is not to be so lightly implied, but any doubt on the subject is resolved by the clause making the Catholic Archbishop the ultimate remainderman on the failure of prior limitations. These the testator sums up when he says: "Should my son Christian Ax Hagen die without leaving any last will and testament and without leaving him surviving any children or issue of deceased children or children or issue of deceased children of Arthur Hagen, Jr., and should said Arthur Hagen, Jr., die without leaving any child or children or issue of deceased children him surviving, then I direct that the three-

fourths of my residuary estate above given In Trust shàll be distributed and I give, devise and bequeath the same as follows." The testator then bequeathed certain pecuniary legacies, and continued: "To the Catholic Archbishop of this Diocese One Thousand Dollars to be distributed by him among poor churches of the diocese in his absolute discretion, with the request that Masses be said for the repose of my soul, to that extent, and the balance of the said three-fourths of my residuary estate I give, devise and bequeath in equal shares to the following organizations and institutions," etc. There is nothing here to indicate the slightest intention to confer a power of appointment on Arthur. The testator speaks of Christian dying without leaving a will, but not of Arthur so dying, and disposes in terms of three-fourths of the estate, which includes both Christian's and Arthur's shares.

The exceptions to the adjudication are, therefore, dismissed, and the adjudication is confirmed absolutely.

LAMORELLE, P. J., was absent.